(56 Misc. Rep. 631.)

### JACOBSON v. FRAADE.

(Supreme Court, Appellate Term. December 20, 1907.)

1. TRIAL—INSTRUCTIONS—ISSUES—EVIDENCE.
   Refusal to instruct on an issue within the pleadings and on which there is evidence is erroneous.

2. SAME.
   The court should instruct the jury as to the legal effect of conclusions of fact which they are at liberty to deduce from the evidence.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 499.]

3. BROKERS—COMMISSIONS—ACTIONS—INSTRUCTIONS.
   Where, in an action for commission for procuring a purchaser of real estate, defendant claimed that he was a joint owner with a third person, that the broker knew that the third person's assent to a conveyance was necessary, and that the third person refused to give his consent, and the court presented defendant's theory as a denial that plaintiff produced a purchaser ready, able, and willing to purchase on terms satisfactory to defendant, the refusal to charge that if the broker knew that the consent of the third person was necessary before defendant could enter into a binding contract, and his consent could not be obtained, plaintiff was not entitled to commissions, was reversible error, though the court stated that it would leave the matter to the jury to take into consideration in arriving at the fact.

Appeal from City Court of New York, Trial Term.

Action by Louis Jacobson against Maximilian Fraade. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Stephen Brooks Rosenthal (Arnold Gross, of counsel), for appellant.
Rosenthal, Steckler & Levi (Alexander Rosenthal, of counsel), for respondent.

GILDERSLEEVE, P. J.  The action was brought to recover commissions upon an attempt to make an exchange of real estate, which was not effected.  There is a sharp conflict of proof in certain important particulars.  The plaintiff claims that he was employed by defendant to find a customer for his property; that plaintiff found certain persons who were ready, willing, and able to effect an exchange of their property for that of defendant, and to give a certain sum in cash in addition thereto; that after some negotiation defendant agreed orally to make the exchange on the terms offered; and that subsequently defendant changed his mind and refused to enter into a written agreement of exchange.  The defendant claims that he was a joint owner of the property with one Bettmann; that plaintiff knew that fact; that defendant particularly informed plaintiff in the first instance of such joint ownership, and plaintiff knew that defendant could not by himself make any agreement to dispose of the property, but that the consent of Bettmann would have also to be obtained to any terms procured by plaintiff from his customers, even if approved by the defendant on his own behalf; that plaintiff's customers were also notified of this necessity by defendant at the time the terms were proposed; that the consent of Bettmann could not be obtained to the terms proposed; that defendant himself never approved of the terms proposed by plaintiff's customers; and that the negotiations failed to accomplish any result.  The plaintiff denies that he or his customers had notice of the necessity of obtaining the consent of Bettmann.  In submitting the issues to the jury the learned court below presented the defendant's theory of the case as being merely a denial that "the plaintiff ever produced a purchaser or purchasers, or party or parties, ready, able, and willing to make an exchange on terms satisfactory to defendant," without referring to defendant's claim of the necessity of obtaining Bettmann's consent, and notice thereof to plaintiff and his customers, and the refusal of Bettmann to give such consent.  At the end of the charge, and after plaintiff's counsel's requests to charge had been disposed of, defendant's counsel said:

"I ask your honor to charge that if the plaintiff knew that the consent and approval of Bettmann was required before the defendant could enter into a binding agreement or a binding arrangement, and if the consent and approval of Bettmann could not be obtained to the terms made, * * * that then the plaintiff is not entitled to the commissions in this case."

The court replied:

"I decline to charge that proposition as a matter of law, and leave it to the jury to take into consideration in arriving at the fact."

To this refusal defendant duly excepted.  The jury brought in a verdict for the plaintiff for the full amount claimed.  Defendant appeals.

A refusal to instruct the jury on a theory, issue, or defense which is within the pleadings and which there is evidence to support is erroneous.  Blashfield's Instructions to Juries, § 103.  It was the duty of the court to instruct the jury as to the legal effect of conclusions of fact which they were at liberty to deduce from the evidence.  Foster v. People, 50 N. Y. 601.  The reply of the court below, that it would

"leave it to the jury to take into consideration in arriving at the fact," was practically no instruction at all, and did not modify the refusal to charge on the proposition of law presented by the request. It was in no sense responsive to such request, and missed the subject to which the attention of the court was called. Cross v. Tyrone M. & M. Co., 121 Pa. 400, 15 Atl. 643. Blashfield's Instructions to Juries, § 142. Moreover, the reply of the court may well have left the impression on the jury that, even if they found that plaintiff knew all along as a fact that defendant could agree to nothing definitely, without the consent of Bettmann, and that the latter refused such consent, still they might find that plaintiff was entitled to a verdict. The defendant was entitled to definite instructions to the jury on the question of law presented, and the neglect of the court to give such instructions constitutes reversible error.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.